# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6476 | **DATE** | 7/1/2003 |
| **CASE TITLE** | Manufacturers Life Ins. Co. vs. Mascon Information Technologies | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Plaintiff's Motion for Summary Judgment [#20] is **granted in part and denied in part**. Status hearing set for **7/16/03 at 9:00 a.m.** *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL - 2 2003 | 23 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 7/1/2003 | |
| FT/*peny* | courtroom deputy's initials | 03 JUL -1 AM 11:54 | date mailed notice FT | |
| | | Date/time received in central Clerk's Office 03713 | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THE MANUFACTURERS LIFE<br>INSURANCE COMPANY (U.S.A.),<br><br>Plaintiffs,<br><br>v.<br><br>MASCON INFORMATION TECHNOLOGIES<br>LIMITED,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 02 C 6476<br><br>Magistrate Judge Arlander<br>Keys |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, The Manufacturers Life Insurance Company (U.S.A.) ("Manulife"), moves this Court for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Manulife alleges that Defendant, Mascon Information Technologies Limited ("Mascon"), breached a lease agreement with Manulife for the rental of commercial real property and is liable to Manulife for damages. For the reasons set forth below, the Court grants Plaintiff's Motion for Summary Judgment with respect to liability, but denies Plaintiff's Motion with respect to damages, attorneys' fees, and costs.

BACKGROUND FACTS

Manulife is a corporation incorporated under the laws of the State of Michigan, with its principal place of business in Boston, Massachusetts. (Manulife's Statement of Material Facts

23

(hereinafter "Manulife's Statement") ¶ 1.) Mascon is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Schaumburg, Illinois.[1] (Mascon's Answer to Second Amended Complaint (hereinafter "Mascon's Answer"), at 1.)

On August 25, 1997, Manulife, as landlord, and Mascon, as tenant, entered into a lease for the premises located at 1515 Woodfield Road, Suite 450, Schaumburg, Illinois. (Mascon's Answer, at 2.) The parties amended the lease on November 5, 1998, by executing the Amendment to Lease Agreement (collectively, the "Lease"). (Plaintiff's Statement ¶ 7.) The term of the lease ran from January 1, 1998 to December 31, 2002. (*Id.* ¶ 8.)

Mascon initially ceased making rent payments due under the lease in November 2001. (Manulife's Second Amended Complaint (hereinafter "Manulife's Complaint") ¶ 8.) In January 2002, as a result of Mascon's failure to pay rent, Manulife filed a forcible detainer action in the Circuit Court of Cook County for eviction and rent for the period of November 2001 through January 31, 2002. (*Id.*) The Circuit Court of Cook County entered judgment in favor of Manulife and ordered Mascon to pay the amount of $51,738.36, representing the amount of rent due for the months of

---

[1] The amount in controversy in this matter exceeds the sum of $75,000 and the litigants satisfy the requirements for diversity; therefore, this Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.

November 2001, December 2001, and January 2002. (*Id.* ¶ 9.) Mascon paid the judgment to Manulife and subsequently paid rent to Manulife for February 2002 and part of March 2002. (*Id.*)

In March 2002, Mascon once again ceased making rent payments to Manulife. (*Id.*) In addition to failing to pay base rent, Mascon failed to pay real estate taxes and other charges due under the lease for the remainder of March 2002, and for the months of April 2002 through December 2002. (Mascon's Answer, at 3.) Mascon admits to breaching the lease with Manulife by failing to perform its obligations as required by the lease. (*Id.*)

On September 11, 2002, Manulife filed this lawsuit to recover damages resulting from Mascon's breach of contract. The case was initially assigned to Judge Rebecca Pallmeyer, but on December 20, 2002, both parties consented to proceed before this Court.

Manulife then filed a Motion for Summary Judgment, alleging that Manulife should be awarded damages as a result of Mascon's failure to perform its obligations as defined by the lease as a matter of law. (Plaintiff's Motion for Summary Judgment, at 1.) Manulife alleges that the total amount owed by Mascon is $163,147.72. (Marino Aff. ¶ 13.)

STANDARD OF REVIEW

The Court will grant summary judgment only if the pleadings and supporting documents show that there is no genuine issue of

material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c) (2003). A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court views the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *Shank v. William R. Hague, Inc.*, 192 F.3d 675, 681 (7th Cir. 1999).

The moving party in a motion for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party's burden is met, then the nonmoving party must set forth specific facts showing that there is a genuine issue for trial in order to survive summary judgment. *Schacht v. Wisconsin Dep't of Corrs.*, 175 F.3d 497, 504 (7th Cir. 1999). In a summary judgment proceeding, the Court will disregard all facts not properly supported by the record. *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997).

Furthermore, pursuant to Local Rule 56.1(a)(3), the party moving for summary judgment must provide a statement of material facts, asserting that there are no genuine issues of material fact in dispute. The statement must be structured in the form of numbered paragraphs. Loc. R. 56.1(a). The opposing party must

4

respond to each paragraph by either admitting or denying the allegations and specifically citing to supporting materials showing the existence of a genuine factual dispute. Loc. R 56.1(b)(3)(A).

Once properly supported, "all material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party." Loc. R. 56.1(b)(3)(B). Similarly, all material facts properly supported in the opposing party's Rule 56.1(b)(3)(B) statement "will be deemed admitted unless controverted by the (reply) statement of the moving party." Loc. R 56.1(a). Failing to support one's statement with a citation to the record is equivalent to an admission of the others party's factual assertions. *Garrison v. Burke*, 165 F.3d 565, 567 (7th Cir.1999).

In the instant case, Mascon did not file a Response Brief to the Motion for Summary Judgment or a Rule 56.1 Statement in Response to Plaintiff's Statement of Material Facts. By letter, dated April 29, 2003, Mascon's counsel acknowledged that Mascon had not responded to the instant motion, because it could not contest the motion. The Court finds that Mascon's failure to respond results in its admission of all facts asserted in, and properly supported by, Manulife's Rule 56.1 Statements of Material Facts.

DISCUSSION

Having determined that Mascon has admitted all of the material facts set forth in Manulife's Rule 56.1 Statement of Material Facts, the Court turns to Manulife's substantive arguments. Manulife argues that the Court should grant Manulife's Motion for Summary Judgment, because Mascon breached the lease agreement by failing to pay base rent, real estate taxes, and other charges for the time period required by the lease.

A.  *Illinois Law Applies*

The law that governs a case based on diversity jurisdiction is determined by looking to the conflict-of-law rules of the state in which the federal court sits. *Jean v. Dugan,* 20 F.3d 255, 261 (7th Cir 1994) (citing *Klaxon Co. v. Sentor Electric Mfg. Co.,* 313 U.S. 487, 496 (1943)). In Illinois, "[a] lease is an agreement which gives rise to the relationship of landlord and tenant. It is essentially a type of contract and, as such, it is governed by the rules which govern contracts generally." *Williams v. Chicago Housing Auth.,* 144 F.3d 544, 547 (7th Cir. 1998) quoting *Midland Mgmt. Co. v. Helgason,* 158 Ill. 2d 98, 103, 630 N.E.2d 836, 839 (1994) (citations omitted). In breach of contract cases, the Illinois Supreme Court applies the "most significant contacts" test of the Restatement (Second) of Conflicts of Law. *Bradley v. TNT Skypack, Inc.,* 983 F. Supp. 1147, 1149 (N.D.Ill. 1997). The contacts relevant to a choice-

of-law decision include the place of contracting, negotiation, performance, location of the subject matter of the contract and the domicile, residence, place of incorporation, and business of the parties. *Id.*

In the present case, the subject property is located in Schaumburg, Illinois, and Mascon's principal place of business is in Schaumburg, Illinois. (Mascon's Answer, at 1-2.) Neither party has suggested that any other jurisdiction has more significant contacts in this matter than Illinois. Therefore, the Court finds that Illinois law governs the claims in this case.

*B. Breach of Contract*

Manulife argues that the Court should grant its Motion for Summary Judgment, because Mascon breached its contract with Manulife. Under Illinois law, to state a cause of action for breach of contract, a plaintiff must show: (1) the existence of a valid contract; (2) the performance of the contract by plaintiff; (3) the breach of the contract by defendant; and (4) a resulting injury to the plaintiff. *Priebe v. Autobarn Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001).

In the instant case, the lease between Manulife and Mascon formed a valid contract between the two parties, and Mascon's failure to pay base rent, real estate taxes, and other obligations under the contract constituted a material breach. *MAN Roland Inc. v. Quantum Color Corp.*, 57 F.Supp.2d 568, 570

7

(N.D. Ill. 1999) (a material breach occurs when a party to the contract "fails to perform an element of the agreement without which the contract would not have been made."). Notably, Mascon admits to breaching the contract and does not allege that Manulife failed to perform its obligations under the lease. And there is no dispute that Manulife was injured by the breach. Therefore, the Court grants Manulife's Motion for Summary Judgment with respect to liability.

C. *Damages*

Although Manulife appears to have satisfactorily performed all of its obligations as required by the lease, it is not clear whether Manulife satisfactorily performed all of its obligations as required by Illinois law. Manulife fails to present any evidence that it took reasonable measures to mitigate the damages caused by Mascon's breach. Under Illinois law, "a landlord or his agent shall take reasonable measures to mitigate the damages recoverable against a defaulting lessee." 735 ILCS 5/9-213.1 (West 1996). Furthermore, in Illinois, the landlord has the burden of proving mitigation of damages. *St. George Chicago, Inc. v. George J. Murges & Associates, Ltd.*, 296 Ill. App. 3d 285, 292, 695 N.E.2d 503, 508 (1st Dist. 1998); *St. Louis North Joint Venture v. P & L Enterprises, Inc.*, 116 F.3d 262, 265 (7th Cir. 1997) (applying Illinois law).

There is currently a split amongst the Illinois appellate courts regarding whether a landlord's failure to present evidence

of mitigation bars the landlord from recovering against the tenant. *Snyder v. Ambrose,* 266 Ill. App. 3d 163, 167, 639 N.E.2d 639, 641 (2nd Dist. 1994) (establishing a burden upon the landlord to prove mitigation of damages as a "prerequisite" to recovery); *St. George Chicago, Inc.*, 296 Ill. App. 3d at 293, 695 N.E.2d at 509 (1st Dist. 1998) (holding that a landlord's failure to mitigate damages will not bar recovery, but will cause otherwise recoverable damages to be reduced).

To date, the Illinois Supreme Court has not ruled on this issue. Accordingly, this Court may look to intermediate appellate court decisions as helpful, but not binding, evidence of what the Illinois Supreme Court would do in this situation. *Green v. J.C. Penney Auto Insurance Co., Inc.*, 806 F.2d 759, 761 (7th Cir. 1986). The Court finds the reasoning of the *St. George* court to be the more persuasive, and finds that, although the landlord has the burden of presenting evidence that it took reasonable measures to mitigate, a failure to do so will not completely bar recovery. *See Amcor Trust Co. v Minnesota Diversified Prods., Inc.*, No. 97 C 0614, 1998 WL 433770, at *5 (N.D.Ill. July 29, 1998) (applying Illinois law and finding that the landlord's failure to mitigate damages is not an automatic and absolute bar to recovery).

In the instant case, a genuine issue of material fact exists as to whether Manulife took reasonable measures to mitigate the damages caused by Mascon's breach. Manulife's Rule 56 Statement

9

of Material Facts does not alleged that it attempted to mitigate its damages, nor has Manulife directed the Court's attention to any evidence supporting such a conclusion. "A determination as to whether a landlord took reasonable measures to mitigate damages is generally a question of fact to be determined by the trier of fact upon evaluation of all of the evidence in the case." *Amcor Trust Co.*, 1998 WL 433770, at *6. Because there is a material fact in dispute, Manulife's Motion for Summary Judgment with respect to damages is denied.

As noted previously, Manulife has the burden of presenting evidence to show that it took reasonable measures to mitigate the damages caused by Mascon's breach. Inexplicably, Manulife's attorneys failed to mention mitigation in any of their filings. If Manulife's own research had failed to reveal the importance of the mitigation issue under Illinois law, Defendant Mascon's (albeit passing) reference to Manulife's lack of mitigation in its Answer to the Second Amended Complaint should have alerted Manulife that its mitigation measures (or lack thereof) needed to be addressed. Perhaps counsel remained silent because he knew that his client had not mitigated[2]. Perhaps the oversight was just that - an oversight. But it is not within this Court's province to resolve the speculation in the absence of evidence on

---

[2] Illinois Rule of Professional Conduct 3.3(a)(3) imposes an ethical obligation on counsel to cite all legal authority in the controlling jurisdiction that is directly adverse to the client's claims.

10

mitigation. Instead, absent a stipulation on the mitigation issue, the parties will now be obligated to participate in further proceedings, prior to the Court being able to determine damages – an expense that could have been easily avoided by properly documented summary judgment briefs[3].

D. *Attorneys' Fees*

Manulife further argues that Mascon is liable for Manulife's attorneys' fees and costs as agreed to in the lease agreement.[4] The general rule in Illinois is that, in the absence of a statute or an agreement, the successful litigant in a civil action may not recover attorneys' fees or the ordinary expenses of litigation from his adversary. *Losurdo Bros. v. Arkin Distrib. Co.*, 125 Ill. App. 3d 267, 274, 465 N.E.2d 139, 144 (1984). Provisions in contracts for awards of attorneys' fees and costs are an exception to this rule. *Id.* at 275; *Fox v. Fox Valley Trotting Club*, 8 Ill. 2d 571, 579, 134 N.E.2d 806, 810-11 (1956)

---

[3] Left to their own devices, both sides were apparently comfortable with having this Court resolve this lawsuit without addressing the issue of mitigation. It was only the Court's independent research that prevented the issuance of a ruling based upon an error of law. And while the Discussion focuses upon Manulife's legal burden, clearly, there is plenty of blame to share. Mascon had much to benefit from pursuing the mitigation issue; its counsel's failure to brief the issue falls far short of the level of zealous advocacy to which most attorneys aspire.

[4] Section 10(D)(c) of the lease states, "The Tenant shall pay to the Landlord on demand all costs and expenses including lawyers' fees incurred by the Landlord in enforcing any of the obligations of the Tenant under this Lease. (Lease Section 10(D)(c).)

(holding that a defendant who breached a lease was liable for attorneys' fees because the defendant agreed to pay the fees in the lease).

Although Section 10(D)(c) of the lease between Manulife and Mascon contains a provision for awarding fees to Manulife in the event of Mascon's breach, Manulife has not yet presented evidence indicating the total amount of hours expended, counsel's reasonable hourly rate, or the costs associated with enforcing Mascon's contractual obligations. *Losurdo Bros.*, 125 Ill. App. 3d at 275, 465 N.E.2d at 145 (holding that the foundation for an award of attorneys' fees is the amount of time spent by the lawyer on a case, the lawyer's ability, and the complexity of the work). A party requesting fees must specify the amount of time expended and describe the work performed. *Id.* Because Manulife's attorneys have not presented detailed billing records indicating their time spent on this matter, the Court will postpone deciding the issue of attorneys' fees and costs until the Court is presented with time records and other itemized costs.

CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment be, and the same hereby is, GRANTED with respect to liability and DENIED with respect to damages, attorneys' fees, and costs.

DATED:   July 1, 2003                    ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge